THE PEOPLE *ex rel.* JIM O. EDGCOMB, County Collector of Macon County, Respondent-Appellee, v. DENNIS D. BALLINGER, Petitioner-Appellant (*In re* Delinquent Taxes For The Year 1983, Certificate No. 817).— THE PEOPLE *ex rel.* JIM O. EDGCOMB, County Collector of Macon County, Respondent-Appellee, v. DENNIS D. BALLINGER, Petitioner-Appellant (*In re* Delinquent Taxes For The Year 1984, Certificate No. 922).

Fourth District   Nos. 4—88—0157, 4—88—0158 cons.

Opinion filed August 18, 1988.

Alan D. Bourey, of Decatur, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, John X. Breslin, and Terry A. Mertel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellee.

JUSTICE SPITZ delivered the opinion of the court:

These are consolidated appeals by petitioner Dennis D. Ballinger from two orders of the circuit court of Macon County declaring that said petitioner is not to receive interest on the purchase price of a tax certificate after the tax sales were determined to have been in error.

In case No. 4—88—0157, the following described property was purchased for taxes, interest, penalties, and costs due and unpaid for the year 1983:

> "Lots 1, 4, 5, 6, 7, 8, and 9 of the Southeast Quarter of the Northeast Quarter of Section Twenty-four (24), Township Sixteen (16) North, Ranger One (1) East of the 3rd P.M., as per Plat recorded in Book 22 Page 134 of the Records in the Recorder's Office of Macon County Illinois. Parcel No.: HA—2—01—0499—000—00."

The date of the tax sale certificate of purchase, No. 817, is December 12, 1984. However, on May 10, 1983, a warranty deed had been exe-

cuted by which the above-described property was conveyed to the Sanitary District of Decatur, an Illinois municipal corporation. On January 8, 1985, petitioner, then holder and owner of the certificate, petitioned the trial court to declare the sale to be a sale in error and to order a refund, plus interest thereon. Since the issuance of a tax deed cannot offset title or interest of a municipality in real property (Ill. Rev. Stat. 1985, ch. 120, par. 752.1), the trial court declared the property to have been erroneously sold and ordered a refund of the monies paid for the certificate. However, the trial court ruled petitioner was not entitled to receive 1½% interest per month from the date of the sale to the date of repayment.

In case No. 4—88—0158, tax sale certificate of purchase No. 922 was issued for the following described property which had been sold for taxes, interest, penalties, and costs due and unpaid for 1984:

"Lot Seven Farrellawn Estates located in Mt. Zion Township, Macon County, Illinois. Parcel No.: 12—2—02—0439—008—00."

The date of certificate No. 922 is January 28, 1986. On January 8, 1988, petitioner, then holder and owner of said certificate, petitioned the trial court to declare the sale to be a sale in error and to order a refund, plus interest thereon. Attached to said petition as exhibit B is a copy of a letter from the Macon County Supervisor of Assessments to the Macon County Clerk, dated August 26, 1987, which stated as follows:

"Parcel No. 12—2—02—0439—008—00 was deleted from the tax rolls in 1986. It was discovered to be a non-existent parcel through research and the tax mapping.

Unfortunately, taxes were purchased at the annual tax collectors sale. Undoubtedly payment of those taxes should be returned."

As a result, the trial court declared the property to have been erroneously sold and ordered a refund of the monies paid for the certificate. Again, the trial court ruled the petitioner was not entitled to receive 1½% interest per month from the date of sale to the date of repayment. Petitioner appealed both cases.

On appeal, the only issue is whether the trial court erred in denying petitioner's request for interest on monies to be refunded after a declaration of a sale in error. The analysis of this question centers on the amendment to section 260 of the Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, par. 741) and the legislative intent behind this amendment. The amendment to the statute which is of particular importance to this case was accomplished by Public Act 84—644, effective January 1, 1986. With the language added by Public Act 84—644

emphasized, the statute now reads as follows:

"Whenever it shall be made to appear to the satisfaction of the court which ordered the property sold that any tract or lot was sold, and that such tract or lot was not subject to taxation, or that the taxes or special assessments had been paid previous to the sale of said tract or lot, or that there is a double assessment, or that the description is void for uncertainty, or upon application of the tax purchaser that the assessor, supervisor of assessments, county assessor, board of review, or board of appeals, as the case may be, has made an error (other than an error of judgment as to the value of any property), or upon application of the tax purchaser that the improvements upon property sold have been substantially destroyed subsequent to the tax sale and prior to the issuance of the tax deed, or upon application of the tax purchaser to the court which ordered the property sold that prior to the issuance of the tax deed a voluntary or involuntary petition has been filed by or against the legal or beneficial owner of the real estate requesting relief under the provisions of 11 U.S.C., Chapter 7, 11 or 13, the court which ordered the property sold shall declare such sale to be a sale in error and the county clerk he [*sic*] shall make an entry opposite to such tracts or lots in the tax judgment, sale, redemption and forfeiture record, that the same was erroneously sold, and such entry shall be prima facie evidence of the fact therein stated, and unless such error is disapproved, the county collector shall, on demand of the owner of the certificate of such sale, refund the amount paid *and, in counties having more than 1,000,000 inhabitants according to the last federal census, all other taxes and costs paid by the owner of the certificate of sale or his assignor which were posted to the tax judgment, sale, redemption and forfeiture record subsequent to the tax sale and which were added to the certificate of sale,* together with 1½% interest per month from the date of sale to the date of payment to the tax purchaser (except in cases where the improvements upon property sold have been substantially destroyed, then no interest shall be paid), and cancel such certificate so far as it relates to such tract or lots. The collector shall take credit in settlement of his accounts thereafter with such officers as he may be liable to for their pro rata amounts respectively paid as aforesaid." (1985 Ill. Laws 4189, 4196-97.)

Prior to the amendment the relevant portion of the statute read: "[T]he county collector shall, on demand of the owner of the certifi-

cate of such sale, refund the amount paid together with 1½% interest per month from the date of sale to the date of payment to the tax purchaser ***." Ill. Rev. Stat. 1983, ch. 120, par. 741.

■ The purpose of the statute in question is "to encourage buyers at tax sales, increase the collection of taxes by governmental authorities, and to free land to re-enter the stream of commerce and bear its aliquot share of the tax burden." (*City of Bloomington v. The John Allan Co.* (1974), 18 Ill. App. 3d 569, 581, 310 N.E.2d 437, 446.) In construing a statute, the courts have the responsibility of ascertaining and giving effect to the legislature's intent in enacting or amending the statute's language. (*People v. Madison* (1988), 121 Ill. 2d 195, 520 N.E.2d 374.) Whenever construing a statute, however, the court should be careful not to place a construction on it so as to lead to absurd, inconvenient, or unjust consequences. *McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 520 N.E.2d 293.

■ In this case, to conclude, as the trial court did, that, by its amendment of this statute, the legislature intended only those tax buyers in Cook County to be entitled to interest on a refund for a sale in error would lead to a result which is both absurd and unjust. Such a construction would defeat the purpose of the statute by inhibiting buyers at tax sales and hindering the collection of taxes in all other counties in this State. Therefore, we construe the statute to allow tax buyers in all counties to be entitled to 1½% interest per month from the date of sale to the date of payment to the tax purchaser in cases where there is a refund ordered for tax sales made in error.

As a result, the orders of the circuit court of Macon County are affirmed in all respects except they are reversed as to the awarding of interest, and both causes are remanded to the circuit court for a determination of the amount of interest due petitioner.

Affirmed in part; reversed in part and remanded.

GREEN, P.J., and LUND, J., concur.