*In re* DELINQUENT TAXES FOR THE YEAR 1985, Certificate No. 147 *et al.* (The People *ex rel.* Jim O. Edgcomb, County Tax Collector of Macon County, Plaintiff-Appellant, v. *In re* Delinquent Taxes for the Year 1985, Certificate No. 147 *et al.*, Defendants-Appellees).—*In re* DELINQUENT TAXES FOR THE YEAR 1984, Certificate No. 366 *et al.* (The People *ex rel.* Jim O. Edgcomb, County Collector of Macon County, Plaintiff-Appellant, v. *In re* Delinquent Taxes for the Year 1984, Certificate No. 366 *et al.*, Defendants-Appellees).—*In re* DELINQUENT TAXES FOR THE YEAR 1984, Certificate No. 332 (Jim O. Edgcomb, County Collector of Macon County, Plaintiff-Appellant, v. Dennis D. Ballinger, Petitioner-Appellee).

Fourth District   Nos. 4—89—0845, 4—89—0846, 4—89—0948 cons.

■

Opinion filed August 23, 1990.

McCULLOUGH, J., concurring in part and dissenting in part.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, John X. Breslin, and Terry A. Mertel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

Alan D. Bourey, of Decatur, for appellees.

JUSTICE GREEN delivered the opinion of the court:
These consolidated cases involve the rights of holders of certificates of purchase of unpaid real estate taxes for a single year sold pursuant to the provisions of the Revenue Act of 1939 (Act) (Ill. Rev. Stat. 1987, ch. 120, par. 482 *et seq.*). More particularly, we are concerned with section 271.1 of the Act, which states:

"No order for the issuance of a tax deed under any of the provisions of this Act shall be entered affecting the title to or interest in any land in which a city, village or town shall have an interest under the police and welfare power by advancements made from public funds until the *claimant* shall make reimbursement to the city, village or town of the money so advanced. *However, in lieu of reimbursement, the tax purchaser or his assignee may make application for and the court shall order that the tax sale be set aside as a sale in error.*" (Emphasis added.) Ill. Rev. Stat. 1987, ch. 120, par. 752.1.

The precise questions presented are (1) when must a claimant for a deed act, pursuant to section 271.1, to obtain a declaration that the tax sale under which claim for deed is sought was in error; and (2) if the sale was in error, is the claimant entitled to interest on the price

paid to purchase the taxes as part of reimbursement? We hold (1) the claimant must act during the course of a proceeding requesting a deed; and (2) in any event, the claimant is not entitled to interest.

In December 1985 and November 1986, sales of unpaid Macon County real estate taxes were held in Macon County by realtor Jim O. Edgcomb, County Collector of Macon County (Collector), pursuant to judgments of the circuit court of that county. Petitioner Dennis D. Ballinger became the assignee of various certificates of purchase from those sales. On September 7, 1989, and September 25, 1989, petitioner filed motions in that court requesting (1) a declaration those sales were in error; and (2) payment to him of the amount paid for those taxes plus interest from the date of sale. Petitioner contended (1) by the terms of section 271.1 of the Act, he was entitled to the relief sought, because the properties covered by his certificates were subject to welfare or police power liens of the City of Decatur; and (2) under section 260 of the Act (Ill. Rev. Stat. 1987, ch. 120, par. 741) he was entitled to reimbursement, because improvements on the real estate in question had been destroyed after the sale of the taxes.

After various amendments to the petition and several hearings and orders, the last of which was entered on November 16, 1989, the circuit court ruled petitioner was entitled to a declaration under section 271.1 of the Act that all sales were in error, and petitioner was entitled to reimbursement for monies advanced for purchase of the taxes together with interest at the rate of 1½% per month from date of sale. The court did not rule on petitioner's assertion under section 260 of the Act. The Collector has appealed. We reverse and remand with directions, which we will explain.

At times pertinent, section 266 of the Act (Ill. Rev. Stat. 1987, ch. 120, par. 747) has set forth the procedure by which a holder of a certificate of purchase can obtain a tax deed to the property covered by the certificate if no redemption from the tax sale has taken place. Section 266 states that the certificate holder can petition for a deed "any time within 5 months prior" to expiration of the time to redeem. (Ill. Rev. Stat. 1987, ch. 120, par. 747.) The party seeking to obtain a deed is required to give certain notice to persons interested in the tracts involved at least three months before expiration of the time to redeem. In deciding here that petitioner was entitled to recovery under section 271.1 of the Act because of the existence of municipal liens encumbering all of the properties, the circuit court ruled the existence of the liens on the last day for giving three months' notice determined whether a property was so encumbered. Here, all of the properties had been encumbered by such a municipal lien on that date, so the

court declared all sales were in error.

As to one property, the municipal lien had been released before petitioner's petition was on file, and the liens were released as to all other properties before the court ruled. The court recognized the difficult problem that would arise if the tax collecting authorities could release the municipal liens after the time for obtaining a deed had lapsed and then also defeat the certificate owner's right to any reimbursement.

The circuit court's determination that petitioner was entitled to interest upon the declaration of a sale in error was probably based upon drawing an analogy to section 260 of the Act. At the time of the tax sales in question here, section 260 of the Act provided for certificate of purchase owners to obtain declaration of sales in error upon such grounds as that the property was not subject to taxation or that the taxes had already been paid. In such instances, the certificate owners were also entitled to interest at the rate of 1½% per month on the payment made to purchase the taxes. Section 260 also provided declarations for sales in error when, as alleged here, improvements on the property had been destroyed after the date of the sale. Under these circumstances, section 260 expressly prohibited awards of interest. Although section 271.1 made no reference to interest, the circuit court apparently decided analogy of the more general provision of section 260 concerning awards of interest was appropriate.

■ On appeal, the Collector contends petitioner should not have been permitted to seek a declaration of a sale in error after the time for seeking a tax deed had lapsed. The Collector points out that to allow a petitioner to wait as long as petitioner did here to declare a sale in error under section 271.1 of the Act, while accruing interest at the high rate awarded by the court, encourages owners of certificates of purchase to delay seeking such declarations in order to collect that high rate of interest. The Collector also contends that, in any event, petitioner was not entitled to obtain a sale in error declaration when no municipal liens were outstanding on the property in question at the time the court declared the sales to be in error.

The petitioner maintains that to allow the Collector to defeat a claim for a sale in error by obtaining releases of municipal liens after a petition for a declaration of a sale in error has been filed would be inherently unfair and would defeat the expressed public policy of encouraging persons to purchase at tax sales set forth in *City of Bloomington v. John Allan Co.* (1974), 18 Ill. App. 3d 569, 581, 310 N.E.2d 437, 446. Petitioner also maintains the Collector's contention that petitioner's right to seek a sale in error could not be made after the

time for seeking a tax deed was waived for not being raised in the circuit court.

We conclude the contentions of the Collector have merit. While the circuit court deemed the situation as to liens on the last day for giving notice of intention to seek a tax deed controlled the time for determining the existence of municipal liens entitling an owner of a certificate to a determination of a sale in error, that ruling does not limit the time in which a certificate owner may seek a declaration of a sale in error. Section 271.1 of the Act follows section 271, which speaks of the time within which a deed must be taken out. Section 271 states that a certificate of purchase is void unless the owner thereof *"takes out the deed in the time provided by law, and* files the same for record within one year" (emphasis added) from the expiration of the period of redemption. (Ill. Rev. Stat. 1987, ch. 120, par. 752.) Here, the petitioner had not petitioned for the issuance of a deed and could not have done so at the time he filed his request for section 271.1 relief. As the time for redemption had expired prior to his petition and he had not and could not take out a deed in the manner provided by law, a strong argument could be made that for that reason alone, petitioner was tardy in seeking section 271.1 relief.

Considering (1) section 271.1 follows and is closely related to section 271, (2) the wording of section 271.1, and (3) the general format of the Act, we conclude the legislature intended requests for section 271.1 relief were to be made in the course of proceedings for the issuance of a tax deed. If such an interpretation is made, the owner of the certificate would never be barred by the requirements of section 270 in regard to seeking a tax deed. Section 271.1 prohibits the issuance of a deed unless the *"claimant"* makes the required reimbursement. (Emphasis added.) The *"claimant"* must be someone who has petitioned for a tax deed. The format of the Act seems to indicate that only a certificate owner can apply for a deed. The court must then deny the deed if certain municipal liens exist, unless the "claimant" for the deed reimburses the municipality. However, at that time, in lieu of making reimbursement, the owner of the certificate may request the declaration of a sale in error.

The foregoing interpretation does away with disputes as to when a request for sale in error may be made and gamesmanship in filing for and waiving municipal liens. We conclude petitioner was required here to seek a deed for the properties involved before he could claim relief under section 271.1. If the municipalities chose to stand on their liens as to any or all properties, petitioner would have been entitled to a determination of sales in error as to the liened properties. If the

municipalities chose release of any liens, petitioner would have been entitled to tax deeds as to those properties. Thus, we hold that for this reason alone, the judgments of the circuit court granting sales in error status to the various tax sales must be reversed.

We recognize that the complete theory of our holding was not argued by the Collector in the circuit court. The informal record was accompanied by an agreed statement of facts. (107 Ill. 2d R. 323(d).) That statement indicates an argument was made that petitioner waited too long and until after the validity of his certificates had expired to seek a declaration of a sale in error. We deem this contention sufficient to raise the issue to which we have responded. We hold petitioner waited too long because he did not file for issuance of any tax deeds.

■ As we have indicated, we also hold petitioner would not have been entitled to any interest even if he could have obtained sales in error status under section 271.1 of the Act. Section 271.1 makes no reference to any interest being paid on such sales in error. Section 260 of the Act has provided for interest upon declaration of sales in error at the rate of 1½% per month whenever various listed grounds for such declarations of sales in error exist except in cases where "the improvements upon property sold have been substantially destroyed." (Ill. Rev. Stat. 1987, ch. 120, par. 741.) The express language of section 260 appears to grant the award of interest only in regard to tax purchases in counties of over one million population, but this court held in *People ex rel. Edgcomb v. Ballinger* (1988), 174 Ill. App. 3d 196, 528 N.E.2d 264, the interest awards were applicable statewide.

Section 260 of the Act was amended shortly before the filing of petitioner's request for relief and a new section, section 260.1 of the Act, was added. (Pub. Act 86—286, §1, eff. Aug. 30, 1989 (Ill. Rev. Stat. 1989, ch. 120, par. 741.1).) However, the amendatory act provided it concerned only proceedings concerning tax sales occurring after its effective date. (Ill. Ann. Stat., ch. 120, pars. 741, 741.1, Historical and Statutory Notes, at 74, 77 (Smith-Hurd Supp. 1990).) Section 260 makes no substantial change in its description of the grounds for finding a sale in error. Provisions concerning interest were removed to section 260.1, which reduced the interest rate to 1% per month and provided the interest provisions are applicable to "those cases which arise solely under grounds set forth in Section 260, and in no other cases." Ill. Rev. Stat. 1989, ch. 120, par. 741.1(a).

Even under the provisions of section 260 of the Act applicable to these proceedings, we deem the statutory provision for interest to be

clearly limited to sales in error on stated grounds. When section 260 grants interest awards when reimbursement is ordered on some grounds and not on others, we see little reason to assume the drafters of section 271.1 intended that, by analogy, interest would be awarded pursuant to section 260. When the format of the Act is to expressly have interest awarded under some circumstances and expressly deny awarding interest under other circumstances, we conclude that a silence concerning the award of interest under a particular section of the Act is an insufficient basis to justify the award of interest. Thus, interest should not have been awarded here even if petitioner was entitled to section 271.1 relief.

The case of *Thornton, Ltd. v. Rosewell* (1978), 72 Ill. 2d 399, 381 N.E.2d 249, has been called to our attention. There, the court held a tax purchaser was entitled to have a sale declared to be in error for grounds not listed in section 260 of the Act. There, at the time of sale, certain tax records which the purchaser had examined failed to show the existence of prior taxes being due on the premises, although another book kept by the collector but not examined by the purchaser, gave that information. The court stated:

> "Section 260 does not define a 'sale in error'; it simply lists those circumstances under which the clerk shall declare a sale to be in error, refund the amount paid, and cancel the certificate of purchase which has been issued. Those circumstances are not declared to be exclusive, and the section, by its own terms, does not contemplate a situation such as that here presented. Section 247, on the other hand, permits a refund where a sale is made 'in error' and a successful bidder has advanced funds under the special two-payment procedure; it does not limit or define a 'sale in error' for the purpose of that section. In our opinion, section 247 authorizes a refund here. Certainly it contains nothing which would preclude such relief under the equitable powers of the court. This court held long ago that equity has jurisdiction to correct the mistake of a county ministerial officer. (*Foster v. Clark* (1875), 79 Ill. 225.) Having that jurisdiction, the court may award a refund in order to do complete equity to all parties involved." *Thornton*, 72 Ill. 2d at 406-07, 381 N.E.2d at 253.

We recognize we are interpreting section 271.1 in a manner not fully contemplated by any of the parties. However, we need not consider equitable relief which might be available to petitioner pursuant to *Thornton*. Petitioner is not without remedy. The circuit court has not ruled upon petitioner's request for reimbursement pursuant to

section 260 of the Act, because improvements on the various properties were substantially destroyed after the tax sale. The agreed statement of facts sets forth that the parties agreed "the alternate ground of substantial destruction of the improvements under Section 260 of the Revenue Act applies to all the parcels herein with the exception of parcel 563 which was vacant at the time [petitioner] purchased it."

Accordingly, we reverse the judgment from which appeal was taken and remand the cause to the circuit court of Macon County with directions to consider whatever relief petitioner may be entitled by the terms of section 260 of the Act.

Reversed and remanded with directions.

STEIGMANN, J., concurs.

JUSTICE McCULLOUGH, concurring in part and dissenting in part:

I agree the order of the circuit court should be reversed. There is, however, no need for remand.

A review of the record, and considering the arguments of counsel, assumes the time for requesting tax deeds has expired and was expired at the time the application for sale in error was made.

Section 271.1 does not prohibit the issuance of tax deeds where a city has made advancements from public funds. The tax purchaser has two options, reimburse the city the money so advanced and get the tax deed, or apply for a sale in error. The tax purchaser was not required to seek a deed before he could claim relief under section 271.1.

Assuming *arguendo* the petitioner was required to seek a deed before claiming relief under section 271.1, he is for the same reason too late in applying for a sale in error because of destruction of the buildings.

Any actions taken by the purchaser for any type of relief, tax deed, or sale in error must be taken within the time limits of the Act. He was not prohibited by injunction or order of the court. He cannot now complain. The times for filing a petition for tax deed had passed at the time the application for sale in error had been made.

Section 271 is applicable to the facts in this case. That section in substance holds that unless the holder takes out the deed in the time provided by law and files the same of record within one year from and after the time for redemption expires, the certificate and the sale on which it is based, shall from and after expiration of such one year, be *absolutely null and void with no right to reimbursement.* (Ill. Rev.

Stat. 1987, ch. 120, par. 752.) There is an exception that deals with those cases where there is an injunction or order of the court preventing the holder of the certificate from obtaining a deed. These limitations are not present in the instant case.

The plaintiff finds himself in a position caused by his own actions or inactions. He is not entitled to any relief. A tax purchaser cannot sit back, let the time limits pass to petition for tax deed, and later file an application for sale in error.

*Thornton* does not stand as authority for the plaintiff to recover under equity. The supreme court, in applying equity in *Thornton*, found the "plaintiff was not yet the owner of the fee [citation], nor even a certificate holder, but only a bidder in the process of making a purchase." *Thornton*, 72 Ill. 2d at 405, 381 N.E.2d at 252.

The critical question is whether the time for applying for a tax deed had passed when the application for reimbursement was made. Pursuant to section 271, the plaintiff is too late to ask for any relief, reimbursement under the Act.

I disagree with the statement by the majority that a difficult problem would arise if liens were released after the time for obtaining a deed has lapsed and also defeat the certificate owner's right to reimbursement. There is no problem. The purchaser is required by time limits to file the petition for tax deed. At the hearing on the petition, the purchaser knows whether the lien needs to be resolved. With no risk, at the hearing, if the lien is not released or paid, he can ask for the alternative relief of reimbursement.

The purchaser must take action to apply for tax deed within the time limits set by the Act (not more than five months nor less than three months prior to the last day or extended day of redemption). If the petition for deed is filed, the purchaser will have the benefits of section 271.1 until the trial court rules on the petition for deed. Allowing the time limits to pass for petition for deed should also deprive the purchaser of any benefits under section 271.1.

As stated above, section 271 affirmatively states that unless the holder "takes out the deed in the time provided by law," the "certificate" shall "be absolutely null and void with no right to reimbursement." Ill. Rev. Stat. 1987, ch. 120, par. 752.