IN RE PETITION FOR DECLARATION OF SALE IN ERROR (Dean L. Johnson, Petitioner-Appellee, v. The People *ex rel.* Edward T. O'Connor, Treasurer and *ex-officio* Collector of the County of Peoria, Respondent-Appellant.)

Third District   Nos. 3—93—0350, 3—93—0353, 3—93—0354, 3—93—0356, 3—93—0357 cons.

Opinion filed February 2, 1994.—Rehearing denied March 8, 1994.

Kevin W. Lyons, State's Attorney, of Peoria (Donald J. Toohill, Assistant State's Attorney, of counsel), for appellant.

Barr & Barr, of Decatur (John Barr, of counsel), for appellee.

JUSTICE LYTTON delivered the opinion of the court:

This consolidated appeal involves five separate petitions for sales in error brought by petitioner, Dean L. Johnson (Johnson), pursuant to the Revenue Act of 1939 (35 ILCS 205/1 *et seq.* (West 1992)) (Act). The trial court granted petitioner's request for sale in error on all of the parcels, and respondent, the People of the State of Illinois *ex rel.* Edward T. O'Connor, treasurer and *ex officio* collector of the County of Peoria (Collector), appeals. We reverse.

For purposes of organization, we will refer to the five petitions by their trial court docket numbers. The parties have stipulated to certain facts concerning the dates the parcels were purchased and the dates the petitions for sale in error were filed: (1) 88—TX—52, parcels purchased on December 16, 1985; petition filed on August 24, 1988; (2) 89—TX—89, parcels purchased on December 15, 1986; petition filed on August 8, 1989; (3) 90—TX—54, parcels purchased on December 7, 1987; petition filed on July 24, 1990; (4) 90—TX—55, parcels purchased on December 16, 1985; petition filed on July 24, 1990; and (5) 90—TX—56, parcels purchased on December 15, 1986; petition. filed on July 24, 1990.

Pursuant to section 260 (35 ILCS 205/260 (West 1992)), a tax purchaser may pursue a declaration for a sale in error if the property is subject to certain enumerated occurrences. In the instant case, there were two occurrences alleged by Johnson under section 260: that a substantial destruction to the improvements of the property occurred after the tax sale, and that the property was the subject of a bankruptcy petition filed after the tax sale. Johnson also alleged grounds for a sale in error pursuant to section 271.1 (35 ILCS 205/271.1 (West 1992)), which allows a tax purchaser to pursue a sale in error if the property is subject to a municipal lien. The Collector does not contest the validity of these grounds.

The Collector argues that the trial court erred in applying a five-year statute of limitations to the petitions for sale in error pursuant to *Burroughs v. Tazewell County Collector* (1982), 110 Ill. App. 3d 464, 442 N.E.2d 623, *appeal denied* (1983), 92 Ill. 2d 574. He contends that Johnson failed to surrender his certificates of purchase (which are issued to a tax purchaser for each year's delinquent taxes paid on each property) and neglected to complete the sale in error proceedings

within the time prescribed for taking out a tax deed, which is one year following the expiration of the two-year redemption period pursuant to section 271 (35 ILCS 205/271 (West 1992)); because Johnson failed to satisfy these statutory requirements, the certificates of purchase became null and void by operation of law.

Johnson responds that the trial court was correct in applying a five-year statute of limitations pursuant to *Burroughs*, claiming that the Collector's reading of section 271 is incorrect because this section is only a limitation on tax deeds and the certificates of purchase that underlie them. He contends that section 271 cannot be read as a limitation on a party's ability to petition for a sale in error because sales in error are not addressed in that section.

We agree with Johnson that the statute of limitations is five years, so the issue before this court is whether the time requirements for acquiring a tax deed under section 271 are applicable to petitions for sale in error.

Generally, and for purposes of our discussion, a property owner who has a right to redemption must redeem the property within two years after the date of the tax sale. (35 ILCS 205/253(b) (West 1992).) The period of redemption may be extended by the certificate holder to three years after the date of the tax sale pursuant to section 263 (35 ILCS 205/263 (West 1992)). Absent an extension of the redemption period, a certificate holder must take out a tax deed within three years after the date of the tax sale. In the instant case, Johnson did not extend the redemption period. Therefore, under section 271, he was required to take out a tax deed within one year after the expiration of the redemption period.

The procedures for acquiring a declaration for a sale in error are contained in sections 260 and 271.1. Section 260 provides, in relevant part:

> "Whenever upon application of the county collector, tax purchaser, or a municipality which owns or has owned the property ordered sold it shall be made to appear to the satisfaction of the court which ordered the property sold *** solely upon application of the tax purchaser that such a voluntary or involuntary [bankruptcy] petition has been filed subsequent to the tax sale and prior to the issuance of the tax deed, *or solely upon application of the tax purchaser that the improvements upon property sold have been substantially destroyed or rendered uninhabitable or otherwise unfit for occupancy subsequent to the tax sale and prior to the issuance of a tax deed *** the court which ordered the property sold shall declare such sale to be a sale in error *** and the county collector shall, on demand of the

owner of the certificate of such sale, refund the amount paid, pay any interest and costs as may be ordered pursuant to Section 260.1 of this Act, and cancel such certificate so far as it relates to such tract or lots." 35 ILCS 205/260 (West 1992).

Thus, section 260 delineates who may apply for a sale in error, where and on what grounds the application must be made, when these grounds must occur, and the county collector's responsibilities in the event a sale in error is declared by the court.

Section 271.1 assigns an additional ground for a sale in error, and states in relevant part:

"No order for the issuance of a tax deed under any of the provisions of this Act shall be entered affecting the title to or interest in any land in which a city, village or town shall have an interest under the police and welfare power by advancements made from public funds until the claimant shall make reimbursement to the city, village or town of the money so advanced. However, in lieu of reimbursement, the tax purchaser or his assignee may make application for and the court shall order that the tax sale be set aside as a sale in error." 35 ILCS 205/271.1 (West 1992).

Like section 260, section 271.1 defines who may apply for a sale in error and on what grounds an application may be made.

However, both sections 260 and 271.1 are notably silent as to when an application for a sale in error must be brought. While we are firmly convinced that *Burroughs* was correctly decided, we must determine whether the requirements of section 271 apply to the sale in error proceedings of sections 260 and 271.1.

Section 271 provides in part:

"Unless the holder of the certificate for real estate purchased at any tax sale under this Act takes out the deed in the time provided by law, and files the same for record within one year from and after the time of redemption expires, the certificate or deed, and the sale on which it is based, shall, from and after the expiration of such one year, *be absolutely null and void with no right to reimbursement*. If the holder of such certificate is prevented from obtaining such deed by injunction or order of any court, or by the refusal or inability of any court to act upon the application for a tax deed, or by the refusal of the clerk to execute the same, the time he or she is so prevented shall be excluded from computation of such time." (Emphasis added.) 35 ILCS 205/ 271 (West 1992).

Our statutory analysis begins by recognizing that in order to ascertain the legislative intent underlying a statute, we look first to the statutory language and examine the language as a whole, considering each section in connection with every other section of a

given act. (*In re Petition to Annex Certain Territory to the Village of North Barrington* (1991), 144 Ill. 2d 353, 362, 579 N.E.2d 880.) Whenever possible, every word, clause and section of a statute should be attributed some reasonable meaning. (*Roser v. Anderson* (1991), 222 Ill. App. 3d 1071, 1075, 584 N.E.2d 865, *appeal denied* (1992), 144 Ill. 2d 643.) An interpretation that avoids absurd results must be favored and one which renders any part superfluous must be avoided. *Roser*, 222 Ill. App. 3d at 1075.

■ The application of these rules of construction to the Act requires that the one-year restriction for a certificate holder to apply for a tax deed under section 271 must be read in context with sections 260 and 271.1. The plain and unambiguous language of section 271 indicates that unless a certificate holder takes out a tax deed and files it within one year after the time for redemption expires, the certificate or deed is "null and void" with no right to reimbursement. A careful reading of section 271 in the context of sections 260 and 271.1 mandates the conclusion that *certificate holders cannot redeem their certificates by a sale in error if those certificates have already become null and void by failing to comply with the provisions of section 271.* Section 271 does not exempt certificates of purchase that later become candidates for a sale in error petition. To read section 271 as being inapplicable to sections 260 and 271.1 would render section 271 superfluous.

In our review, we have found only one case, *In re Delinquent Taxes for the Year 1985* (1990), 202 Ill. App. 3d 665, 559 N.E.2d 1014, *appeal denied* (1990), 135 Ill. 2d 556 (hereinafter *Certificate No. 147*), which has addressed a similar issue. In *Certificate No. 147*, both the majority and the partially concurring and partially dissenting opinion agreed that section 271.1 was subject to the requirements of section 271. Compare *In re Application of Rosewell* (1989), 127 Ill. 2d 404, 409-10, 537 N.E.2d 762.

A majority of the court in *Certificate No. 147* held that a holder of a certificate of purchase may only pursue a sale in error declaration while in the course of proceedings for the issuance of a tax deed. *Certificate No. 147*, 202 Ill. App. 3d at 669.

In his partially concurring and partially dissenting opinion, Justice McCullough stated:

"Section 271.1 does not prohibit the issuance of tax deeds where a city has made advancements from public funds. *The tax purchaser has two options, reimburse the city the money so advanced and get the tax deed, or apply for a sale in error. \*\*\* \*\*\**

Any actions taken by the purchaser for any type of relief, tax

deed, or sale in error must be taken within the time limits of the Act. ***

Section 271 is applicable to the facts in this case. That section in substance holds that unless the holder takes out the deed in the time provided by law and files the same of record within one year from and after the time for redemption expires, the certificate and the sale on which it is based, shall from and after expiration of such one year, be *absolutely null and void with no right to reimbursement*. [(Emphasis in original.)] (Ill. Rev. Stat. 1987, ch. 120, par. 752.) ***

The plaintiff finds himself in a position caused by his own actions or inactions. He is not entitled to any relief. *A tax purchaser cannot sit back, let the time limits pass to petition for tax deed, and later file an application for sale in error."* (Emphasis added.) *Certificate No. 147*, 202 Ill. App. 3d at 672-73 (McCullough, J., concurring in part and dissenting in part).

We believe that Justice McCullough's reading of section 271.1 is correct and that it is applicable by analogy to section 260.

■ We do not, however, agree with the reasoning of the majority in *Certificate No. 147* that tax purchasers must engage in the process of acquiring a tax deed while pursuing a sale in error. Public policy underlying tax sales encourages public participation in order to assure effective collection of revenue. (*Thornton, Ltd. v. Rosewell* (1978), 72 Ill. 2d 399, 407, 381 N.E.2d 249; *People ex rel. Edgecomb v. Bellinger* (1988), 174 Ill. App. 3d 196, 200, 528 N.E.2d 264.) Sections 260 and 271.1 contemplate the occurrence of events that will unfavorably affect the marketability of a property's title. They provide a remedy for a certificate holder in the form of a sale in error. To require a certificate holder who has an unmarketable title and who is eligible for sale in error relief to pursue a tax deed before pursuing a sale in error is absurd. This would be duplicative, wasteful of the certificate holder's time and money and unnecessary. We believe that this construction would frustrate the underlying policy of the Act because of the added unnecessary expenses involved. Therefore, we agree with Justice McCullough that section 271 does not require a sale in error petitioner to pursue a tax deed before a sale in error remedy. *Certificate No. 147*, 202 Ill. App. 3d at 672 (McCullough, J., concurring in part and dissenting in part).

■ In the instant case, we find that all of Johnson's certificates were null and void by operation of section 271. For example, case number 88—TX—52 was a petition for a sale in error of parcels purchased December 16, 1985. The petition was filed on August 24, 1988, slightly less than four months before the expiration of the section 271 one-year requirement. The trial court's order was issued

April 1, 1992, over three years after the certificates became null and void by operation of section 271. Further, the record does not indicate that the redemption period was extended, that the certificates were objected to, or that Johnson moved to stay the running of the one-year period of section 271; none of the exceptions in section 271 were present, such as the trial court's refusal or inability to rule on the petition. Furthermore, section 271 was not tolled by the mere filing of Johnson's petitions or the pendency of the litigation. See *In re Application of Rosewell* (1991), 209 Ill. App. 3d 187, 190-91, 568 N.E.2d 89.

Similarly, in all of the remaining cases, the certificates had become null and void long before the court ordered the sale in error. While the trial court correctly ruled that a five-year statute of limitations was applicable pursuant to *Burroughs*, the court did not consider the effect of section 271. Thus, we find the trial court erred in granting Johnson's petitions for sale in error.

Johnson also argues that the following language contained in section 271 was mandatory: "Certificates of purchase and deeds executed by the clerk shall recite the qualifications required in this Section." (35 ILCS 205/271.) The trial court agreed and found that because the 271 qualifications were not recited on Johnson's certificates, they were null and void.

While it is true that the word "shall" is generally regarded as being mandatory, it does not have an inflexible meaning and may be given a permissive meaning depending on the legislature's intent. (*Maske v. Kane County Officers Electoral Board* (1992), 234 Ill. App. 3d 508, 515, 600 N.E.2d 513.) In *Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 373 N.E.2d 1332, the court construed the word "shall" in a provision of the Act regarding the publication date for increased assessments in a nonquadrennial year. (*Andrews*, 71 Ill. 2d at 16-17.) In a very instructional passage, the court stated:

> "In brief summary, when a statute prescribes the performance of an act by a public official or a public body, the question of whether it is mandatory or directory depends on its purpose. If the provision merely directs a manner of conduct for the guidance of the officials or specifies the time for the performance of an official duty, it is directory, absent negative language denying the performance after the specified time. If, however, the conduct is prescribed in order to safeguard someone's rights, which may be injuriously affected by failure to act within the specified time, the statute is mandatory." *Andrews*, 71 Ill. 2d at 21.

In the instant case, we believe that the language at issue in section 271 is mandatory. Here, if the requirements of section 271

are not complied with, a certificate of purchase will become null and void without right of reimbursement. The language at issue was clearly designed to safeguard a certificate holder's interest. This, however, does not conclude our analysis.

■ The trial court found that because the mandatory language was not contained on Johnson's certificates, the certificates were null and void. Contrary to the trial court's ruling, this does not entitle petitioner to a sale in error. The Act has specific enumerated grounds for sales in error. Those grounds are exclusive. In *People ex rel. Edgcomb v. Wolfe* (1992), 226 Ill. App. 3d 995, 589 N.E.2d 811, the court stated:

> "[The] history [of the Act] suggests the legislature does not envision courts invalidating a tax sale as in error unless the reason for doing so is enumerated in section 260. It is unlikely the legislature would add reasons for invalidating a sale if it contemplated the courts would view the list contained in section 260 as merely illustrative." (*Wolfe*, 226 Ill. App. 3d at 999.)

We believe that, in the absence of exceptional circumstances (see, for example, *Thornton, Ltd. v. Rosewell* (1978), 72 Ill. 2d 399, 407, 381 N.E.2d 249), common law expansion of the law of sales in error is not appropriate. Therefore, the trial court erred in granting petitioner's petitions for sales in error on these grounds.

We note that our ruling will not adversely affect the marketability of titles underlying tax deeds based on certificates not containing the section 271 language. The section 271 notice is aimed exclusively to the tax purchaser and no one else. Thus, the language is mandatory only in relation to the tax purchaser. Once the statutory requirements are complied with, and tax purchasers are issued a valid tax deed, they acquire merchantable title under the Act (35 ILCS 205/266 (West 1992)), free and clear from all previous titles and claims of every kind and character. See *City of Bloomington v. John Allan Co.* (1974), 18 Ill. App. 3d 569, 574, 310 N.E.2d 437; *People v. Cottine* (1959), 20 Ill. App. 2d 562, 572, 156 N.E.2d 744.

For the above-stated reasons, the order of the circuit court of Peoria County is reversed.

Reversed.

BRESLIN and McCUSKEY, JJ., concur.