## THE JOLIET STOVE WORKS

*v.*

## JOHN KIEP *et al.*

*Opinion filed October 23, 1907—Rehearing denied Dec. 10, 1907.*

1. APPEALS AND ERRORS—*objection that no recovery can be had under declaration cannot be first raised on appeal.* An objection that no recovery can be had under the declaration filed cannot be raised on appeal, where the point was not made in the trial court by demurrer, motion in arrest of judgment or otherwise.

2. TAXES—*when assessment for taxes is void.* An assessment of property for taxation by the description of a lot of an assessor's subdivision of a certain block is void, where there is no plat in existence in the county, of record, showing such lot; and in such case an application for judgment and order of sale for the tax should be refused.

3. SAME—*when Appellate Court's judgment is conclusive that property taxed was misdescribed.* In a suit to recover taxes paid under an alleged misdescription which rendered the tax void the judgment of the Appellate Court is conclusive of the question that such a misdescription existed, where there is evidence tending to show that the plat of the assessor's subdivision, in which the property was placed by the description under which it was assessed, was never made, or, if made, was never executed and recorded according to law.

4. SAME—*right of party paying taxes to recover from the owner where tax sale was void.* Under sections 213 and 214 of the Revenue act, wherever real estate sold for taxes is so imperfectly de-

o .

scribed as to render the sale void, the purchaser, or those claiming under him, who have paid subsequent taxes upon the property, which have not been paid by the owner, may recover of such owner the amount of the subsequent taxes so paid, with ten per cent interest, as money paid for the owner's use, if such right is not barred by the five year Statute of Limitations.

5. SAME—*fact that party who paid taxes has received tax deed does not defeat his right to a recovery.* The fact that the party who has paid subsequent taxes upon property sold for taxes has received a tax deed, does not, under the rule of *caveat emptor,* preclude his right to recover from the owner, in case, for any of the reasons specified in section 213 of the Revenue act, the tax for which the property was sold was void.

6. SAME—*clerk's entry in record is not the only evidence that tax sale was erroneously made.* The entry required by section 213 of the Revenue act to be made by the county clerk in the sale and redemption record opposite the tract of land sold for taxes, that such sale was erroneously made, whenever it shall be made to appear to his satisfaction that one of the conditions specified in the statute exists which renders the tax void, is not the only competent evidence of fact, especially in a suit against the owner of the property by one who has paid subsequent taxes thereon.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

C. W. BROWN, for appellant.

BENJAMIN OLIN, and MORRILL SPRAGUE, for appellees.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is an action of assumpsit commenced in the circuit court of Will county by the appellees, against the appellant, to recover the amount of money bid by their assignor at a tax sale of certain real estate situated in said county, belonging to the appellant, and subsequent taxes paid thereon by them, under the provisions of sections 213 and 214 of

the Revenue act, (Hurd's Stat. 1905, p. 1678,) on the ground that said tax sale was void by reason of the misdescription of the premises sold.

The declaration consisted of the common counts, to which was filed the general issue. The plaintiffs also filed a bill of particulars, which showed they sought to recover of the defendant the amount paid at tax sale of the defendant's real estate on July 2, 1898, $455.91; interest thereon at ten per cent, $370.13; taxes paid on said real estate May 23 or 24, 1899, $540.19; interest thereon at ten per cent, $380.32; taxes paid on said real estate March 1, 1900, $655.20; interest thereon at ten per cent, $410.75. A jury was waived and the case was tried before the court, and the court held, in certain propositions of law submitted by the respective parties, that the plaintiffs were not entitled to recover the amount bid at the tax sale, but were entitled to recover the amounts of the subsequent taxes paid on said real estate by them and interest on said amounts at ten per cent per annum, and rendered judgment in favor of the plaintiffs for $1986.46, which judgment has been affirmed by the Appellate Court for the Second District, and a further appeal has been prosecuted to this court.

It appears from the evidence that the defendant in 1897 was the owner of about four acres of land situated in the city of Joliet, upon which was located its plant; that in 1897, and for a number of years prior thereto, said real estate had been assessed for taxation as lot 6 of assessor's subdivision of block 24, Bowen's addition to Joliet, Will county, Illinois, and the taxes levied thereon prior to 1897 paid by the defendant; that the defendant failed and neglected to pay the taxes levied against said real estate under said description for the year 1897, and the said real estate, under the said description, was sold for the taxes of said year on July 2, 1898, for the sum of $455.91, to William O'Callaghan; that a tax certificate on said sale, under said description, was issued to said O'Callaghan, which certificate

was assigned by said O'Callaghan on August 28, 1898, to
the plaintiffs; that on May 24, 1899, the appellees paid the
taxes on said real estate under said description, amount-
ing to $540.19, and on March 1, 1900, they paid the taxes
on said real estate under said description, amounting to
$655.20; that the premises not having been redeemed, on
July 30, 1900, the same were conveyed by the county clerk
of said county to the appellees under said tax sale, as lot 6
of assessor's subdivision of block 24, Bowen's addition to
Joliet, Will county, Illinois, which deed was recorded in the
office of the recorder of deeds in said county August 1, 1900.
The appellees thereafter notified appellant they had a tax
deed to said real estate. About two years thereafter ap-
pellees discovered there was no such lot as lot 6 of assessor's
subdivision of block 24, Bowen's addition to Joliet, Will
county, Illinois, and appellees thereupon caused the county
clerk of Will county to make an entry on the tax sale record
of said county opposite the description, "Lot 6 of assessor's
subdivision of block 24, Bowen's addition to Joliet," as fol-
lows:   "August 25, 1902—Tract sold in error; void on
account of uncertain description.—William F. Hutchinson,
Co. Clerk." Appellees thereupon executed a quit-claim deed
of the premises to W. N. Moore, an officer of the appellant
company, and left it with the county clerk, with written
directions to deliver it to appellant on payment by it of the
money paid by them for taxes on said premises, and on
November 2, 1903, appellees executed another quit-claim
deed for said premises to the appellant, and offered to de-
liver it to the appellant on payment to them of the amount
of taxes paid by them on said real estate, and the appellant
having refused to re-pay to appellees the amount of money
paid by them for taxes on said real estate, this suit was
brought.

The first contention made by appellant is, that there can
be no recovery under the declaration filed in this case. That
question was not raised by demurrer, motion in arrest of

judgment, or otherwise, in the trial court, and it cannot therefore be raised in either the Appellate Court or in this court for the first time, and need not be considered in this opinion.

It is next contended the proof does not show that there was a misdescription of the real estate of appellant in the assessment for taxation for the year 1897. The real estate of appellant had been assessed under the description of lot 6 of assessor's subdivision of block 24, Bowen's addition to Joliet, Will county, Illinois, for a number of years. It was, however, subsequent to said tax sale discovered that there was no plat in existence in said county, of record, showing lot 6 of assessor's subdivision of block 24, Bowen's addition to Joliet, Will county, Illinois. The assessment was therefore void (*People* v. *Chicago and Alton Railroad Co.* 96 Ill. 369; *People* v. *Eggers,* 164 id. 515; *Vennum* v. *People,* 188 id. 158;) for want of such plat. In the *Vennum case,* on page 160, the court said: "In proceedings for taxation property must be described by reference to government surveys or by metes and bounds, and if it is divided into lots, then by a reference to authenticated plats. Where the property described in the application for judgment is designated as a certain lot in a certain subdivision, and there is no such lot as so described in the subdivision referred to, then it is clear that judgment ought to be refused, because a judgment for taxes cannot be rendered against property which has no existence.—*People* v. *Clifford,* 166 Ill. 165; *People* v. *Chicago and Alton Railroad Co.* 96 id. 369." The question whether the real estate of the appellant was misdescribed in the assessment of 1897 was a question of fact. The evidence found in this record fairly tends to show that said assessor's subdivision was, in fact, never made, or if made, the plat thereof was never executed and recorded according to law. The judgment of the Appellate Court is therefore conclusive upon this court that said real estate in the assessment of 1897 was misdescribed.

It is finally contended that sections 213 and 214 of the Revenue act do not authorize a recovery of the taxes paid by appellees upon appellant's real estate for the years 1898 and 1899. These sections are as follows:

"Sec. 213. Whenever it shall be made to appear to the satisfaction of the county clerk that any tract or lot was sold, and that such tract or lot was not subject to taxation, or upon which the taxes or special assessments had been paid previous to the sale of said tract or lot, or arises from a double assessment, or that the description is void for uncertainty, he shall make an entry opposite to such tracts or lots in the sale and redemption record that the same was erroneously sold, and such entry shall be *prima facie* evidence of the fact therein stated; and unless such error is disproved the county collector shall, on demand of the owner of the certificate of such sale, refund the amount paid and cancel such certificate so far as it relates to such tract or lots. The collector shall take credit in settlement of his accounts thereafter with such officers as he may be liable to for their *pro rata* amounts respectively paid aforesaid.

"Sec. 214. When the purchaser at such erroneous sale, or any one holding under him, shall have paid any tax or special assessment upon the property so sold, which has not been paid by the owner of the property, he shall have the right to recover from such owner the amount he has so paid, with ten per cent interest, as money paid for the owner's use."

We think it clear from a consideration of said sections of the statute, that whenever real estate has been sold for taxes and it afterwards appears (1) that said real estate was not subject to taxation, or (2) that the taxes thereon had been paid prior to the sale, or (3) that the taxes arose from a double assessment, or (4) that the premises were so imperfectly described as to render the sale void, the holder of such certificate of sale is entitled to receive back from the county collector the amount paid at said tax sale, and if the

purchaser, or anyone holding under him, at such erroneous sale (that is, a sale of lands not subject to taxation, or where the taxes have been paid prior to the sale, or where the taxes for which the sale was made arose from double taxation, or in case the real estate was so imperfectly described as to render the sale void,) shall have paid any taxes upon the real estate sold which have not been paid by the owner of the real estate, he has the right to recover the amount he has so paid, with ten per cent interest, from the owner of the real estate, as money paid for the owner's use. We also are of the opinion the entry provided for in section 213 to be made by the county clerk upon the tax record that the sale had been erroneously made is not the only evidence that may be received by a court of that fact. Especially should that be true in a suit to recover taxes paid by a purchaser, or one holding under him, from the owner of the land, as clearly the county clerk could not defeat a right of recovery in such case by refusing to make such entry upon the tax record. In this case the entry by the county clerk had been made, which was introduced in evidence, and the plaintiffs introduced other proof that the real estate of appellant was misdescribed in the assessment of 1897. It is not necessary, therefore, to determine in this case whether the county clerk has the right to make such entry of an erroneous sale upon the tax record after a tax deed has been issued, nor is it necessary to determine whether the holder of the certificate of sale can recover back the amount paid at the sale from the county or county collector after a tax deed is issued on the sale. We think, however, it clear that the purchaser, or anyone holding under him, can recover from the owner any tax paid upon the property so erroneously sold until his right is barred by the five year Statute of Limitations.

It is urged by the appellant that said sections of the statute should not be construed so as to permit a suit to be brought to recover taxes paid by a purchaser, or one hold-

ing under him, if it appear a tax deed has issued upon the
sale, as it is said the doctrine of *caveat emptor* is applied
to a tax purchaser, and if he fails to get title to the land
he should be held to get nothing and to lose the money
invested in the tax title or to protect his interest therein.
Such, undoubtedly, was the common law and would be the
law of this State governing this case were it not for the
sections of the statute above quoted. We think, however,
those sections of the statute must be held to control in the
decision of this case. Judge Cooley, in his work on Taxa-
tion, (2d ed. p. 546,) in discussing this subject, says: "The
rule of *caveat emptor* applies to tax purchases. The pur-
chaser at a tax sale therefore either gets a title to the land
subject to the statutory redemption or he gets nothing.
If he receives a deed which for any reason is subject to
fatal infirmity he will lose what he has paid. This is the
rule unless the statute shall recognize an equity in him and·
provide for it. Sometimes the statute does this by making
a provision for the refunding of his money from the public
treasury. But sometimes, also, statutes give him. a lien up-
on the land." In numerous of the States statutes somewhat
similar to the statute in force in this State exist upon said
subject, (*Wilson* v. *Butler County,* 4 L. R. A. 589,) which
statutes appear to have been liberally construed to effect the
object of their passage. In *Chapman* v. *Sollars,* 38 Ohio St.
378, it was held, under a somewhat similar statute to the
one in force in this State, that the purchaser at a tax sale
might prosecute a suit against the owner to enforce a lien
against the land for the recovery of taxes, etc., even after
he had failed to recover the possession of the land in an
action founded upon a tax deed on the ground that the sale
was invalid by reason of irregularity in the tax proceedings.

There appears to be nothing inequitable in a statute
which permits a tax purchaser to recover back the amount
of his bid from the county, and from the owner any taxes
which he has paid upon the land purchased to protect the

purchase, if it subsequently appears that the officers of the county and State have sold him land not subject to taxation, or where the taxes have been paid prior to the sale, or where the taxes for which the sale was made arose from double taxation, or in case the real estate was so imperfectly described as to render the sale void, so that the purchaser gets nothing by virtue of his purchase. The State recognized the necessity for bidders and purchasers at tax sales, and by a class of legislation similar to that found in sections 213 and 214 of the Revenue act has invited them to attend such sales, in order to secure revenue for the purposes of government.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*