ROBERT BURROUGHS, Petitioner-Appellant, *v.* TAZEWELL COUNTY COLLECTOR, Respondent-Appellee.—(Hopedale Medical Foundation, Respondent-Appellee.)—HOPEDALE MEDICAL FOUNDATION, Plaintiff and Respondent-Appellee, *v.* TAZEWELL COUNTY COLLECTOR, Defendant-Petitioner.—(Robert Burroughs, Intervening Petitioner.)

Third District   Nos. 81—640, 81—639 cons.

Opinion filed November 15, 1982.

Chester C. Fuller, of Peoria Heights, for appellant.

Thomas M. Atherton, of Frings, Bagley, Atherton & Clark, and G. Edward Orr, Assistant State's Attorney, both of Pekin, for appellees.

JUSTICE WEBBER delivered the opinion of the court:

The plaintiff-petitioner Burroughs is the holder of two tax certificates issued on the property of the defendant Hopedale Medical Foundation for unpaid taxes for the years 1968, 1969, and 1970, and 1971. The total purchase price was $131,466.16. The certificates are dated October 18, 1971, and October 30, 1972, respectively. On February 27, 1980, Burroughs filed separate suits against the County Collector of Tazewell County (Collector) and the Hopedale Medical Foundation (Foundation) seeking a refund from the Collector and reimbursement from the Foundation on the ground that the tax sales were erroneous. The suits were consolidated by the circuit court of Tazewell County and were dismissed on motion of the defendants because of the statute of limitations. Burroughs appeals.

The principal issue is whether actions for refunds or reimbursements on account of taxes sold in error are controlled by section 15 of "An Act in regard to limitations" (Ill. Rev. Stat. 1979, ch. 83, par. 16; now section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—205)). That section provides:

"Except as provided in Section 2—725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11—13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."

The trial court's ruling was based upon this statute, *i.e.*, that the instant action was a "civil action(s) not otherwise provided for," and since the action was filed more than five years after the certificates were issued, it was barred. Burroughs posits two arguments against the application of the statute: (1) that his is an equitable action and hence a statute of limitations is no bar, and (2) the statute has not been held applicable to other proceedings under the Revenue Act of 1939. We disagree and hold that this case is governed by section 260 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 741). That section states:

"Whenever it shall be made to appear to the satisfaction of the county clerk or the court which ordered the property sold that any tract or lot was sold, and that such tract or lot was not subject to taxation, or that the taxes or special assessments had been paid previous to the sale of said tract or lot, or that there is a double assessment, or that the description is void for uncertainty, or upon application of the tax purchaser that the improvements upon property sold have been substantially destroyed subsequent to the tax sale and prior to the issuance of the tax deed, the county clerk or the court which ordered the property sold shall declare such sale to be a sale in error and the county clerk he [*sic*] shall make an entry opposite to such tracts or lots in the tax judgment, sale, redemption and forfeiture record, that the same was erroneously sold, and such entry shall be prima facie evidence of the fact therein stated, and unless such error is disproved, the county collector shall, on demand of the owner of the certificate of such sale, refund the amount paid and cancel such certificate so far as it relates to such tract or lots. The collector shall take credit in settlement of his accounts thereafter with such officers as he may be liable to for their pro rata amounts respectively paid as aforesaid."

Burrough's equitable theory is not alleged in his complaints, but it

may be gleaned from statements in his brief. He claims that for the years in question the Foundation filed objections without also paying its taxes under protest as is provided in section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, par. 675), *i.e.*, objection that the property is not subject to taxation; he further claims that the "novelty" of this procedure led the Collector into error because he was unaware of the provision and consequently sold the taxes. Litigation thereafter ensued concerning the tax status of the Foundation. After various appeals it was ultimately determined on March 1, 1979, that the Foundation was not exempt and that the sales to Burroughs were void; meanwhile, Burroughs had been under an order restraining him from seeking a tax deed. A motion to dissolve this order was denied in late 1979, and the instant suits were then filed.

From this background Burroughs attempts to raise equitable doctrines of unjust enrichment and unfairness in that he has been deprived of both his money and his tax deed. We do not believe that the invocation of labels can convert a statutory remedy into an action in chancery.

In *Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 647, 344 N.E.2d 770, 778, the court said:

> "It is well established that the statute of limitations is a purely legal rather than an equitable defense. [Citations.] Therefore, the question of whether plaintiff's amended complaint is barred by the statute of limitations arises only after a determination that the alleged cause of action is one at law rather than in equity."

It is our opinion that an action to recover amounts paid at an erroneous tax sale are governed entirely by section 260 of the Revenue Act of 1939 quoted above. Hence, the action is one at law, and not in equity, and the statute of limitations is a defense.

In this connection *Acme Printing Ink Co. v. Nudelman* (1939), 371 Ill. 217, 20 N.E.2d 277, is instructive. In that case a class action was brought to enjoin the Director of Finance from imposing Retailers' Occupation Tax on distributors of ink. The supreme court held that the distributors were subject to the tax and further that the statute provided a remedy for mistaken taxation of nontaxable sales. Its significant holding for the purposes of the instant case was that the statutory remedy must be exhausted before equitable relief can be sought.

As to section 260 itself, in it reference is made to several situations in which a tax sale is deemed to be a sale in error. The specific facts here present are not so stated to be such a sale. However,

the supreme court in *Thornton, Ltd. v. Rosewell* (1978), 72 Ill. 2d 399, 381 N.E.2d 249, held that the list was not exclusive. (See also *In re Application of County Collector* (1979), 79 Ill. App. 3d 151, 398 N.E.2d 392.) We believe that the facts of this case make it a sale in error within the meaning of the statute and that the statutory remedy must be pursued.

■ Having determined that this is a legal action under the statute, we next turn briefly to the question as to whether it is controlled by section 15 of the Limitations Act quoted above. Under the authority of *Joliet Stove Works v. Kiep* (1907), 230 Ill. 550, 82 N.E. 875, the answer is clearly in the affirmative. In that case the supreme court construed sections 213, 214 of the then Revenue Act (Hurd's Stat. 1905, ch. 120, secs. 213 and 214), which were the predecessors, without material change, to sections 260 and 261 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, pars. 741, 742). The court said of section 261:

"We think, however, it clear that the purchaser, or anyone holding under him, can recover from the owner any tax paid upon the property so erroneously sold until his right is barred by the five year Statute of Limitations." (230 Ill. 550, 556, 82 N.E. 875, 877.)

Since the court was dealing with an owner, it had no occasion to state specifically what limitation applied under section 260; however, the only difference between the two sections is the identity of the defendant: the county collector in one, the property owner in the other. Common sense dictates that the five-year limitation applies to both.

Burroughs' second argument, that other cases under the Revenue Act have not invoked the five-year statute, is also without merit. An examination of those cases discloses that in each one the State was plaintiff and the taxpayer was defendant. It is elementary that a statute of limitations will not run against the sovereign. *Clare v. Bell* (1941), 378 Ill. 128, 37 N.E.2d 812.

Two subsidiary questions remain to be answered. First, Burroughs raises the issue of when the statute of limitations began to run, assuming *arguendo* that it applies. He claims in his brief that he requested a tax deed in May 1973, although that fact does not appear in the record in this case. Even assuming that date, February 1980 is far beyond the five-year limitation.

■ The general policy underlying tax sales is an effort to return the property to the tax rolls and into commerce. Consonant with that policy, the statute should begin to run at its earliest possible time. The statute itself is of little assistance. It states only, "Whenever it shall

be made to appear ***." It is our opinion that it begins to run at the time of sale. The buyer is charged with knowledge of the circumstances which might lead to a sale in error. In *La Salle National Bank v. Hoffman* (1971), 1 Ill. App. 3d 470, 477, 274 N.E.2d 640, 645, the court said:

> "The sole person who is interested in a refund under Section 260 of the Revenue Act of tax-sale money and therefore the only one who can make representations to the County Clerk to induce a 'sale in error' entry is the taxbuyer who would lose all the money he invested in a void tax sale but for that Section. It is up to the taxbuyer to discover the facts that void his purchase, if there be any, and to demand a refund from the County Collector based on the County Clerk's 'sale in error' entry which is made on one or more of the four grounds set forth in section 260."

The buyer thus has five years from the date of sale in which to determine its validity. He may seek a deed, and if that fails, he may request alternative relief, refund under section 260. This is exactly what occurred in *In re Application of County Collector* (1979), 79 Ill. App. 3d 151, 398 N.E.2d 392.

If in fact Burroughs sought a deed in May 1973 and it was refused, he has slept on his rights insofar as a refund or reimbursement is concerned.

The second subsidiary issue is Burroughs' claim that litigation tolled the statute. However, he does not explain what litigation. There are two prior reported cases involving the Foundation: *Hopedale Medical Foundation v. Tazewell County Collector* (1978), 59 Ill. App. 3d 816, 375 N.E.2d 1376, and *People ex rel. County Collector v. Hopedale Medical Foundation* (1970), 46 Ill. 2d 450, 264 N.E.2d 4. The latter held that the Foundation was not exempt from taxation from 1962 through 1966; it obviously has no bearing on the current litigation. In the 1978 case Burroughs is included as an intervening petitioner but the court said that he made no appearances in the trial court and did not pursue the appeal. The 1978 case, like the 1970 one, established the Foundation's liability for taxes but otherwise does not pertain in any way to the tax sales.

■ In any event, litigation over the Foundation's status, whether Burroughs were a party to it or not, would not prevent a suit for refund or reimbursement unless the latter were specifically precluded. In 25 Ill. L. & Prac. *Limitations* sec. 94 (1956), it is said:

> "While the pendency of other legal proceedings may suspend the running of the statute during the period that such pen-

dency precludes the plaintiff from proceeding with the cause of action, in order that pendency of other proceedings should have the effect of tolling the statute of limitation the proceedings must be such as to prevent enforcement of the remedy by action. The pendency of proceedings as to a different matter will not toll the statute of limitations."

For all the foregoing reasons, the order of the circuit court of Tazewell County dismissing the complaints is affirmed.

Affirmed.

GREEN, P.J., and LEWIS, J., concur.