ROBERT J. WAGNER, Plaintiff-Appellee, v. RANDAL L. RUMLER, County Clerk, Defendant-Appellant.

Third District   Nos. 3—88—0040, 3—88—0045

Opinion filed December 19, 1988.

Joan Scott, State's Attorney, of Lewistown (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

Ted G. Collins and Steven R. Bordner, both of Collins & Bordner, P.C., of Lewistown, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

On June 12, 1987, plaintiff-appellee (plaintiff) filed two small claim complaints alleging that defendant-appellant (defendant) was indebted

to him for tax sales in error. The respective tax certificates that plaintiff purchased were numbered 82—164, 82—532, 80—43 and 81—189. Tax certificates No. 82—162 and No. 82—532 were purchased on October 27, 1983. Certificate No. 81—189 was purchased on November 29, 1982, and certificate No. 80—43 was purchased on November 16, 1981. Plaintiff alleged that pursuant to section 260 of the Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, par. 741) the improvements on the respective properties had been substantially destroyed subsequent to the tax sale and, therefore, he was entitled to a refund of the amounts paid for the tax certificates.

Both parties filed memorandums to support their respective positions regarding the appropriate statute of limitations. After a hearing on this issue, the trial court found that the statute of limitations for filing an action for sale in error under section 260 was five years under authority of *Burroughs v. Tazewell County Collector* (1982), 110 Ill. App. 3d 464, 442 N.E.2d 623. Therefore, the trial court held that except for tax certificate No. 80—43, plaintiff was not barred from bringing suit.

A hearing was then held wherein the plaintiff testified that the respective properties had, in some fashion, been substantially destroyed subsequent to the respective tax sales. On cross-examination, plaintiff admitted that he made no personal examinations of the subject properties before the tax sale, but relied solely on the information provided on each respective assessment card to determine the condition of the premises at the time of sale. No other witnesses testified on behalf of either party.

There are two issues raised on appeal: (1) whether the trial court erred in determining that the statute of limitations for actions brought under section 260 of the Revenue Act of 1939 is five years; and (2) whether the trial court correctly determined that the improvements on the respective properties were substantially destroyed subsequent to tax sale but prior to issuance of the tax deed.

Apparently there was no actual transcript of the proceedings taken by a court reporter. Instead, a certificate of report of proceedings has been filed wherein the bystander's report of plaintiff's attorney was certified by the trial court as a true and accurate report of the proceedings in the matter. Thus, our determination of evidentiary matters must be based on that report.

In this case, the trial court was the finder of fact and it is generally accepted that the findings of the trier of fact will not be disturbed unless those findings are against the manifest weight of the evidence. Plaintiff's cause of action for sale in error is based on the au-

thority provided in section 260 of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 741). Section 260 allows for actions based on a sale in error "upon application of the tax purchaser that the improvements upon property sold have been substantially destroyed subsequent to the tax sale and prior to the issuance of the tax deed." (Ill. Rev. Stat. 1983, ch. 120, par. 741.) Thus, plaintiff must present evidence that the destruction of the property occurred between the date of the tax sale and the date when a tax deed could have been issued at the end of the redemption period. In this case, the record indicates that the plaintiff properly extended the redemption period for one year as to each respective property pursuant to section 263 of the Revenue Act of 1939. (Ill. Rev. Stat. 1983, ch. 120, par. 744.) Therefore, in effect, the improvement on each respective parcel must have been substantially destroyed within three years from the date of sale of each respective property. Our review of the certified report of proceedings verifies the trial court's finding that the improvements on each respective property were substantially destroyed subsequent to the tax sale but is void of any indication as to whether these improvements were destroyed prior to the issuance of the deed. Although we do not believe that it is necessary for plaintiff to have obtained a tax deed prior to bringing a suit for sale in error under section 260, we do consider it necessary under the statute that the destruction of the improvements be shown to have occurred prior to the time that the tax deed could have been issued. Our reasoning is that if the improvements on each parcel were not substantially destroyed prior to the issuance of a tax deed, then there is no good reason why the tax certificate holder should not have sought a tax deed. At the time a tax deed is issued, the tax sale purchaser becomes the record titleholder of the property and can insure against loss; but, prior thereto, a tax certificate holder may not have such an insurable interest.

■ We do not believe that the certified report of proceedings indicates that the improvements were destroyed prior to when the deed could have been issued, and because the statute requires such a finding, we will not presume that such a finding was made without some verification in the record. Since the record, as certified, is silent regarding the condition of each property at the time the respective tax deeds could have been issued, the trial court's finding is against the manifest weight of the evidence and must be overturned.

■ Defendant makes the additional argument that plaintiff failed to show the property was substantially destroyed subsequent to the tax sale because plaintiff should have done more than merely rely on the assessment card to ascertain the condition of the respective parcel

prior to the sale. In this case, plaintiff testified that the property assessment cards indicated that each property was in satisfactory condition at the time of sale. Defendant maintains, however, that plaintiff should have personally inspected each property prior to the sale to ascertain its condition, and having not done so, has no knowledge as to the condition of the property at the time of sale. We disagree and consider plaintiff's examination of and reliance on the assessment card concerning the condition of each property at the time of sale sufficient for maintaining this action based on substantial destruction.

We make no ruling on the statute of limitations issue in light of our ruling that plaintiff has not proved the elements necessary to establish a sale in error for substantial destruction under section 260 of the Revenue Act of 1939.

Therefore, the decision of the trial court is reversed.

Reversed.

STOUDER, P.J., and WOMBACHER, J., concur.