*In re* APPLICATION OF EDWARD J. ROSEWELL, Cook County Treasurer and *ex officio* County Collector (First State Bank and Trust Company of Hanover Park, Petitioner-Appellant, Cross-Appellee, v. Rachel Wolf, Respondent-Appellee, Cross-Appellant).

First District (2nd Division)   Nos. 1—88—2411, 1—88—2536, 1—89—3467 cons.

Opinion filed January 15, 1991.

Regas, Frezados & Harp, of Chicago (Peter G. Frezados, of counsel), for appellant.

PRESIDING JUSTICE SCARIANO delivered the opinion of the court:

Petitioner First State Bank, the original legal title holder of the real property at issue in this case, succeeded in setting aside a tax deed issued to respondent Wolf and now seeks reversal of a ruling by the circuit court that it must reimburse respondent for the funds she expended in obtaining the deed. Respondent cross-appeals, arguing that the deed was valid; in the alternative, she claims that the trial court correctly found that reimbursement is required if her deed is invalid.

We are presented with the following issues on appeal: (1) whether the trial court erred in finding that respondent's tax deed was invalid because of her failure to obtain and file a tax deed within one year of the expiration of the statutory redemption period; and (2) whether the trial court erred in requiring petitioner to reimburse respondent for the funds she expended in obtaining the deed.

On September 15, 1980, respondent's assignor purchased a parcel of real property owned by petitioner and located in the City of Chicago at a tax sale conducted pursuant to the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 719 *et seq.*). Petitioner received proper notice advising it that the period of redemption would expire on September 14, 1983. On October 16, 1983, respondent filed an application for an order directing the county clerk to issue a tax deed. Although the parties do not address the reason for the delay, the application

was not granted until September 14, 1984. A tax deed was issued and recorded on September 21, 1984.

Petitioner attacked the tax deed through three different methods: (1) it filed a bill in chancery, which was dismissed without prejudice on April 25, 1986; (2) on July 7, 1986, it filed a petition to declare a deed void; and (3) a petition to vacate pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) was filed on August 7, 1986. Both petitions asserted that the tax deed was invalid because it was not filed and recorded within one year of the expiration of the statutory redemption period, as required by section 271 of the Revenue Act (Ill. Rev. Stat. 1987, ch. 120, par. 752). In an order entered July 13, 1988, the trial court denied petitioner's section 2—1401 petition, but granted it relief based on the earlier petition. The tax deed was held to be null and void, and the petitioner was ordered to reimburse respondent in the amount of $37,265.73, the sum expended in obtaining the tax deed. Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) language was included in the order, since an issue of the respondent's liability for rents she had collected on the property still remained before the trial court. A motion for reconsideration was filed by the respondent on August 9, 1988, in which she argued that the tax deed was not invalid and that she had not failed to comply with the requirements of section 271 of the Revenue Act. The motion was denied on August 10, 1988.

Three notices of appeal have been filed in this case. The first was filed by the petitioner on August 5, 1988, contesting the trial court's reimbursement ruling; however, it appears that this notice was not properly served on the respondent, who filed her own notice of appeal on August 12, 1988, disputing the trial court's holding that the tax deed was invalid. In an order of this court entered October 20, 1988, the two appeals were consolidated, and the respondent's appeal was ordered to stand as a cross-appeal. The third appeal was filed by respondent on December 15, 1989, and was taken from an order of the trial court dated December 7, 1989, holding respondent liable for $19,000 representing rents she had collected. This appeal was consolidated with the other two by an order of this court dated May 1, 1990. Inasmuch as the briefs filed by the parties to this consolidated appeal do not address the rents issue, that matter will not, pursuant to Supreme Court Rule 341(e)(7), be considered by this court. That rule states, of course, that "[p]oints not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." 107 Ill. 2d R. 341(e)(7).

The trial court granted the petitioner's request to invalidate respondent's tax deed based on respondent's failure to comply with section 271 of the Revenue Act (Ill. Rev. Stat. 1987, ch. 120, par. 752), which provides in pertinent part:

"Unless the holder of the certificate for real estate purchased at any tax sale under this Act takes out the deed in the time provided by law, and files the same for record within one year from and after the time for redemption expires, the certificate or deed, and the sale on which it is based, shall, from and after the expiration of such one year, be absolutely null and void with no right to reimbursement. If the holder of such certificate is prevented from obtaining such deed by injunction or order of any court, or by the refusal or inability of any court to act upon the application for a tax deed, or by the refusal of the clerk to execute the same, the time he or she is so prevented shall be excluded from computation of such time."

The parties do not dispute that the statutory redemption period in this case expired on September 14, 1983, and that the deed was not filed and recorded until September 21, 1984.

An affidavit filed by respondent's attorney states that "on or about August 15, 1984, he was charged with the responsibility" of proving the petition for the tax deed in this case. The trial judge was not sitting from August 20 through September 4, a period of 15 days. Although a hearing was held on September 10 and the judge was provided with all the necessary documentation by September 11, the judge did not order the clerk to issue a tax deed until September 14, three days later. Finally, the clerk did not issue the tax deed until September 21, seven days after receipt of the court order. Respondent contends that the one-year deadline should therefore be tolled by 25 days, since she was prevented from obtaining a tax deed for such period of time.

■ Respondent cites no supporting case law and is correct in her statement that there are no decisions interpreting the last sentence of that part of section 271 quoted above. However, although the statute speaks of the "refusal or inability" of the court to act on an application for a tax deed, and the "refusal" of the clerk to act on the court's order to issue a deed, it does not appear that respondent has encountered such difficulty here, but was merely faced with the ordinary delays incident to the processing of cases in the circuit court. Moreover, respondent fails to address why she did not even attempt to obtain a court order until the middle of August 1984, 11 months after the expiration of the statutory redemption period. Accordingly,

we affirm the trial court's holding that respondent's tax deed was invalid for failure to comply with the pertinent statutory requirements.

■ As previously noted, the trial court ordered petitioner to reimburse respondent for the funds she expended in obtaining the tax deed based on section 270 of the Revenue Act (Ill. Rev. Stat. 1987, ch. 120, par. 751). This statute provides:

> "Any order of court setting aside any tax deed procured under this Act, or restoring the owner of same to possession, shall provide that the claimant shall pay to the party holding such tax deed the following, to be estimated by the county clerk: All taxes and legal costs, as provided by law, with interest at 18% per annum ***." Ill. Rev. Stat. 1987, ch. 120, par. 751.

Petitioner argues that this conclusion ignores section 271 of the Revenue Act, which specifically provides that there is no right to reimbursement if the holder of a tax deed has not obtained and registered the deed within one year of the expiration of the statutory redemption period. It relies primarily on a 1912 decision finding no right of reimbursement for failure to comply with section 271, despite the existence at that time of statutory provisions comparable to the current version of section 270. *Kelle v. Egan* (1912), 256 Ill. 45, 99 N.E. 859; accord *Snow v. Glos* (1913), 258 Ill. 275, 101 N.E. 606.

Petitioner further relies on traditional principles of statutory construction. It contends that section 270 is a general provision, while section 271 is more specific, dealing with one particular ground for invalidating a tax deed; and as a result, the specific provision should control and be treated as an exception to the general provision. *Bowes v. City of Chicago* (1954), 3 Ill. 2d 175, 120 N.E.2d 15, *cert. denied* (1954), 348 U.S. 857, 99 L. Ed. 675, 75 S. Ct. 81; *McCann v. Lisle-Woodridge Fire Protection District* (1983), 115 Ill. App. 3d 702, 450 N.E.2d 1311.

Respondent contends *Kelle* has somehow been undermined by more recent decisions, relying on *Tubbs v. Dunlop* (1945), 325 Ill. App. 53, 59 N.E.2d 514. In that case, reimbursement was required under section 270 where the party obtaining a tax deed failed to comply with the statutory notice procedures governing tax sales. This holding should be of no comfort to respondent since it does not concern the relationship between sections 270 and 271, and does not involve a failure to timely register a deed.

Respondent also advances the case of *Canton v. Chorbajian* (1980), 88 Ill. App. 3d 1015, 410 N.E.2d 1166, but we find that case to be easily distinguishable. There the court held that "only because of the special and peculiar equities shown by the record in this case,

plaintiff was not foreclosed from seeking an equitable lien [on the basis of taxes paid on the property] for failing to obtain a tax deed within the requisite statutory period." (88 Ill. App. 3d at 1025.) The plaintiff in *Canton* had not proceeded to procure the deed within the one-year limitation because of the defendants' request that he forbear from obtaining it on their promise to redeem the property, upon which he relied, and therefore lost his right to have a tax deed issued. More important, the court went on to hold that, "Even assuming, *arguendo*, that defendants had a meritorious defense [defendants had pleaded the "no reimbursement" provision of section 271], they have not sufficiently alleged that they acted diligently in presenting such defense [pursuant to former section 72 of the Civil-Practice Act, now section 2—1401 of the Code of Civil Procedure]." (88 Ill. App. 30 at 1025.) We discern nothing in *Canton* that would persuade us to require petitioner in the case at bar to reimburse respondent for the funds she expended in obtaining her deed. Accordingly, since the provisions of section 271 are emphatically clear, we reverse that part of the judgment of the circuit court.

Affirmed in part; reversed in part.

HARTMAN and DiVITO, JJ., concur.