*In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COLLECTOR OF COOK COUNTY, for Judgment and Sale of Real Estate in Connection with the Tax Sales Conducted for Delinquent Taxes for the Year 1985 (First Central Corporation, Petitioner-Appellant, v. Edward J. Rosewell, County Treasurer and *ex officio* County Collector of Cook County, Respondent-Appellee).

First District (1st Division)    Nos. 1—92—0187, 1—92—0799, 1—92—0800 cons.

Opinion filed June 13, 1994.

James E. O'Neal, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Karen A. Covy, Daniel E. Cannon, and Susan T. Crowley, Assistant State's Attorneys, of counsel), for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

This consolidated appeal involves three separate petitions to vacate tax sales as "sales in error" brought by petitioner First Central Corporation (First Central), pursuant to section 260 of the Revenue Act of 1939 (35 ILCS 205/1 *et seq.* (West 1992)) (Act). In each case, re-

spondent county treasurer and *ex officio* county collector of Cook County Edward J. Rosewell (the Collector) objected, claiming that First Central failed to file its petitions within one year after the period of redemption in accordance with section 271 of the Act (35 ILCS 205/271 (West 1992)). The trial court denied all of First Central's petitions; First Central now appeals.

Although First Central failed to include a "Statement of Facts" in its brief, its characterization of the facts in its statement of the "Nature of the Action" is supported by the Collector's "Statement of Facts" and the record on appeal. These statements and the record reveal certain facts common to all three cases. In each case, First Central purchased property in the 1985 annual tax sale conducted by the Collector. In each case, the redemption period was extended and First Central filed tax deed petitions. However, in each case, no redemption from the tax sale occurred.

The relevant dates for each case may be summarized by the appellate court docket numbers. In case number 1—92—0187, First Central purchased the parcels on December 9, 1986, filed a tax deed petition on June 6, 1989, and the redemption period was extended to October 19, 1989. In case numbers 1—92—0799 and 1—92—0800, First Central purchased the parcels on February 3, 1987, filed tax deed petitions on October 31, 1988, and the redemption period for the parcels was extended to March 16, 1989.

First Central subsequently filed petitions to vacate tax sales as "sales in error," pursuant to section 260 of the Act, which provides in relevant part as follows:

"Whenever upon application of the county collector, tax purchaser, or a municipality which owns or has owned the property ordered sold it shall be made to appear to the satisfaction of the court which ordered the property sold *** solely upon application of the tax purchaser that the improvements upon property sold have been substantially destroyed or rendered uninhabitable or otherwise unfit for occupancy subsequent to the tax sale and prior to the issuance of the tax deed, *** the court which ordered the property sold shall declare such sale to be a sale in error *** and the county collector shall, on demand of the owner of the certificate of such sale, refund the amount paid, pay any interest and costs as may be ordered pursuant to Section 260.1 of this Act, and cancel such certificate so far as it relates to such tract or lots." (35 ILCS 205/260 (West 1992).)

First Central alleged a substantial destruction of improvements to the property occurred in each case. In case number 1—92—0187, First Central filed its petition to vacate on October 4, 1991, almost two years after the redemption period. In case number 1—92—0799,

First Central filed its petition to vacate on May 31, 1991, approximately 26 months after the redemption period. In case number 1—92—0800, First Central filed its petition to vacate on September 4, 1991, approximately 31 months after the redemption period.

In each case, the Collector objected, claiming that First Central failed to file its petitions within one year after the period of redemption in accordance with section 271 of the Act, which provides in relevant part as follows:

"Unless the holder of the certificate for real estate purchased at any tax sale under this Act takes out the deed in the time provided by law, and files the same for record within one year from and after the time for redemption expires, the certificate or deed, and the sale on which it is based, shall, from and after the expiration of such one year, be absolutely null and void with no right to reimbursement. If the holder of such certificate is prevented from obtaining such deed by injunction or order of any court, or by the refusal or inability of any court to act upon the application for a tax deed, or by the refusal of the clerk to execute the same, the time he or she is so prevented shall be excluded from computation of such time." (35 ILCS 205/271 (West 1992).)

In each case, the trial courts denied First Central's petitions, ruling that section 271 rendered First Central's certificates null and void. First Central filed a timely notice of appeal for each case; this court consolidated the cases for review.

■ On appeal, First Central contends that the trial courts erred in applying section 271 of the Act to deny petitions to vacate based on section 260 of the Act. First Central argues that these cases should be governed by the general five-year statute of limitations set forth in section 13—205 of the Illinois Code of Civil Procedure (735 ILCS 5/13—205 (West 1992)) (Code).

This argument was addressed by this court in *In re Petition for Declaration of Sale in Error* (1994), 256 Ill. App. 3d 159 (hereinafter *Petition of Dean L. Johnson*). In that case, the trial court had granted a number of petitions for sales in error. The appellate court held that: (1) the statute of limitations was five years; (2) section 271 applies in section 260 cases; (3) tax purchasers are not required to engage in the process of acquiring a tax deed while pursuing a sale in error; and (4) the trial court erred in granting the petitions because section 271 rendered the petitioner's certificates null and void. In particular, this court stated as follows:

"The application of [the] rules of [statutory] construction to the Act requires that the one-year restriction for a certificate holder to apply for a tax deed under section 271 must be read in context with sections 260 and 271.1. The plain and unambiguous language

of section 271 indicates that unless a certificate holder takes out a tax deed and files it within one year after the time for redemption expires, the certificate or deed is 'null and void' with no right to reimbursement. A careful reading of section 271 in the context of sections 260 and 271.1 mandates the conclusion that *certificate holders cannot redeem their certificates by a sale in error if those certificates have already become null and void by failing to comply with the provisions of section 271.* Section 271 does not exempt certificates of purchase that later become candidates for a sale in error petition. To read section 271 as being inapplicable to sections 260 and 271.1 would render section 271 superfluous." (Emphasis in original.) *Petition of Dean L. Johnson,* 256 Ill. App. 3d at 163.

First Central argues that *Petition of Dean L. Johnson* should not be followed, claiming that it is logically impossible for both the five-year statute of limitations and the one-year period of section 271 to apply to this situation. Initially, we note that the cases relied upon by First Central in support of applying section 13—205 of the Code did not address the application of section 271 of the Act. Moreover, First Central's argument incorrectly assumes that both statutes are statutes of limitations. Section 13—205 is a statute of limitations that governs the time for filing petitions for sales in error. *(E.g., Burroughs v. Tazewell County Collector* (1982), 110 Ill. App. 3d 464, 442 N.E.2d 623.) Section 271 of the Act governs the time during which a holder must file a real estate certificate for the sale and certificate to be valid; it does not govern the time for filing a petition. Following *Petition of Dean L. Johnson,* the trial courts here did not err in denying the petitions, as the record shows that First Central did not obtain, let alone file, tax deeds within a year of the expiration of the extended redemption periods for each parcel.

First Central claims that *In re Delinquent Taxes for the Year 1985* (1990), 202 Ill. App. 3d 665, 559 N.E.2d 1014, supports its position that section 271 does not apply to this case. In *In re Delinquent Taxes for the Year 1985,* the court suggested that section 271 applies to petitions for sales in error pursuant to section 271.1 of the Act, but remanded "with directions to consider whatever relief petitioner may be entitled by the terms of section 260 of the Act." (202 Ill. App. 3d at 672, 559 N.E.2d at 1018.) In a separate opinion, Justice McCullough concurred in the reversal, but opined that there was no need to remand the case, suggesting that if it was too late to seek relief under section 271.1 because of section 271, the petitioner would be "for the same reason too late in applying for a sale in error because of destruction of the buildings." (202 Ill. App. 3d at 672, 559 N.E.2d at 1019 (McCullough, J., concurring in part & dissenting in part).)

First Central claims that the majority opinion in *In re Delinquent Taxes for the Year 1985* implicitly rejects the position taken by Justice McCullough and later adopted by this court in *Petition of Dean L. Johnson.*

However, it does not necessarily follow that remanding "with directions to consider whatever relief petitioner may be entitled by the terms of section 260 of the Act" implies that section 271 does not apply to a section 260 petition. "Whatever relief" may be no relief. The majority in *In re Delinquent Taxes for the Year 1985* noted that the circuit court had not ruled on the petitioner's section 260 request. (202 Ill. App. 3d at 671-72, 559 N.E.2d at 1018.) Thus, the section 260 issue was not before the appellate court. When directly confronted with the section 260 issue, this court adopted Justice McCullough's rationale.

■ First Central also relies on *Joliet Stove Works v. Kiep* (1907), 230 Ill. 550, 82 N.E. 875. *Joliet Stove Works* involved a statutory provision similar to section 260 of the Act. Moreover, the applicable statute in that case contained a provision similar to section 271 of the Act. However, the supreme court did not construe this latter provision in the *Joliet Stove Works* opinion. Indeed, as noted by the Collector, the *Joliet Stove Works* court expressly stated that it was not necessary to determine whether a tax purchaser could recover from the county or county collector in that case. (*Joliet Stove Works*, 230 Ill. at 556, 82 N.E. at 877.) The *Joliet Stove Works* court did suggest immediately thereafter in *dicta* that the five-year statute of limitations would apply to the case. (*Joliet Stove Works*, 230 Ill. at 556, 82 N.E. at 877.) Yet even this *dictum* is consistent with *Petition of Dean L. Johnson*, which holds that the five-year statute of limitations applies to petitions for sales in error, but that section 271 must still be applied to determine whether the certificate and underlying sale remain valid.

For all of the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY and O'CONNOR, JJ., concur.