*In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF COOK COUNTY (Safeway Construction Company, Petitioner-Appellant, v. Edward L. Rosewell, Cook County Treasurer, Respondent-Appellee).

First District (1st Division)  No. 1—96—0817

Opinion filed October 20, 1997.

Alan L. Meserow, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Patricia M. Shymanski, Michael Prinzi, and Whitney T. Carlisle, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE O'BRIEN delivered the opinion of the court:

Petitioner, Safeway Construction Company, bought various real estate parcels at a tax sale and received certificates of purchase evidencing the sales. The three-year period for the previous owners

to redeem the parcels (see 35 ILCS 200/21—385 (West 1994)) expired on November 1, 1994. Petitioner then had one year from the expiration of the redemption period, until November 1, 1995, to take out and record tax deeds on the parcels, thereby obtaining title to the property. See 35 ILCS 200/22—85 (West 1994). Alternatively, petitioner could file a petition to vacate the tax sale and have the trial court declare the tax sale a "sale in error," in which case petitioner would receive a refund of the tax sale purchase price. See 35 ILCS 200/21—310 (West 1994). The failure to either record the tax deeds or have the tax sale declared a sale in error by November 1, 1995, would result in petitioner failing to obtain title to the property or receiving a refund.

On October 2, 1995, petitioner's attorney, Alan Meserow, scheduled court dates of October 23, 25, and 27, 1995, for the trial court to hear his petitions to vacate the tax sale. Meserow secured the court dates by writing in the court's "Petition to Vacate Tax Sale Book" (VTS book) his name, client, phone number, and number of petitions to be heard. On October 17, 1995, the trial court's clerk called Meserow and told him the court was deleting his reserved dates from the VTS book because Meserow had not written down the case numbers.

Meserow claims he then "scrambled to file the underlying petition so that a VTS number could be secured for purposes of reserving a court date." On October 25, 1995, Meserow filed a petition to vacate the tax sale under case number VTS 951381 and reserved the next available court date, November 22, 1995, to have his petition heard. Since the November 22 court date was more than one year beyond the redemption period, Meserow filed a motion to toll on October 27, 1995. On November 16, 1995, Meserow filed an amended motion to toll. On November 21, 1995, the trial court entered an order continuing the amended motion to toll until December 8, 1995. The November 21 order also stated that the "parties having agreed that several other cases, where Petitioner has filed like Amended Motions to Toll, involve the same issues and similar facts as the present matter, the Court's ruling as to the present matter shall apply to and govern all such other cases involving like issues and facts."

On December 15, 1995, the trial court entered orders denying the amended motion to toll and denying the underlying petition to vacate the tax sale because the one-year period had lapsed. The order stated that it applied to the following cases brought by petitioner: VTS numbers 951340, 951341, 951471, 951472, 951473, 951475, 951374, 951375, 951376, 951377, 951378, 951379, 951380, 951381, 951382, 951383, 951384, 951385, 951386, 951387, 951388, 951392, 951393, 951394, 951395, 951396, and 951370.

On January 16, 1996, petitioner filed a motion to vacate the December 15 order and to consolidate the above-stated VTS cases with case No. 94 CoTDS 1613. On February 1, 1996, the trial court granted the motion to consolidate and ruled that "the subject 'Petitions to Vacate Tax Sale' herein are denied, due to this Court's [December 15] ruling denying Petitioner's 'Amended Motion to Toll.' " Petitioner filed this timely appeal.

In VTS case numbers 951471, 951472, 951473, and 951475, Safeway was not the petitioner. In those cases, Penny Lane, Ltd. was the named petitioner. Penny Lane was represented by the same attorney as Safeway, but Penny Lane is not a named appellant in this appeal. Accordingly, VTS case numbers 951471, 951472, 951473, and 951475 are not properly before us, and our disposition here does not affect them.

We address the merits of petitioner's appeal. Initially, we note each party claims that the other violated Supreme Court Rule 341 (155 Ill. 2d R. 341)) by making statements unsupported by the record. We decline to impose any sanctions on either party, but we have disregarded any improper information in the briefs. Our disposition of this case is based only on information contained in the record on appeal.

Petitioner argues that the trial court erred when it denied the petitions to vacate the tax sale as sales in error because the petitions were not brought and ruled upon within one year of the expiration of the redemption period. Petitioner claims that section 13—205 of the Illinois Code of Civil Procedure (735 ILCS 5/13—205 (West 1994)) gives it five years from the expiration of the redemption period to have the tax sales declared sales in error.

■ We previously considered this same argument in *In re Petition for Declaration of Sale in Error*, 256 Ill. App. 3d 159 (1994) (hereafter *Petition of Dean L. Johnson*), and *In re Application of the County Treasurer & ex officio Collector*, 264 Ill. App. 3d 476 (1994). In those cases, we recognized that under section 13—205, a holder of a real estate certificate purchased at a tax sale has five years to file petitions for sales in error. *Petition for Dean L. Johnson*, 256 Ill. App. 3d at 161; *In re Application of the County Treasurer*, 264 Ill. App. 3d at 479. However, we held that in addition to section 13—205, the certificate holder also must comply with section 271 of the Revenue Act (35 ILCS 205/271 (West 1992)) then in effect (now section 22—85 of the Property Tax Code (35 ILCS 200/22—85 (West 1994))). *Petition for Dean L. Johnson*, 256 Ill. App. 3d at 160-66; *In re Application of the County Treasurer*, 264 Ill. App. 3d at 479. Section 22—85 explicitly states that a certificate holder must record the deed within one year

from the expiration of the redemption period, otherwise the certificate of purchase is void with no right to reimbursement. 35 ILCS 200/22—85 (West 1994). We concluded that certificate holders cannot redeem their certificates by a sale in error if those certificates have already become void by the certificate holder's failure to record the deed within one year after the redemption period. *Petition for Dean L. Johnson*, 256 Ill. App. 3d at 163; *In re Application of the County Treasurer*, 264 Ill. App. 3d at 479.

In other words, section 13—205's five-year statute of limitations for filing a petition for a sale in error applies only if the certificate holder records his deed within one year after the redemption period. If the certificate holder fails to so file his deed, he has only the one year after the redemption period to bring his petition and have the sale vacated as a sale in error.

■ In the present case, petitioner did not record its deeds to the property within one year after the redemption period expired on November 1, 1994. Thus, petitioner had only the one-year period until November 1, 1995, to have the tax sale vacated as a sale in error. Petitioner did not obtain a hearing on its motion to vacate the tax sale until after November 1, 1995. Accordingly, the trial court properly denied the motion.

Petitioner next argues that the trial court erred by denying its motion to toll the one-year period. Petitioner points to section 22—85 of the Property Tax Code: "If the holder of the certificate is prevented from obtaining a deed by injunction or order of any court, or by *the refusal or inability of any court to act upon the application for a tax deed*, or by the refusal of the clerk to execute the same deed, the time he or she is so prevented shall be excluded from computation of the one year period." (Emphasis added.) 35 ILCS 200/22—85 (West 1994).

Petitioner argues that its attorney, Meserow, reserved October 23, 25, and 27, 1995, as hearing dates for the motion to vacate the tax sale. Those dates were within the one-year period after the expiration of the redemption period. Petitioner contends the trial court "refused to act" on Meserow's motion to vacate the tax sale when it deleted his reserved dates from the VTS book on October 17, 1995, because he had failed to list the case numbers. Petitioner further argues that the trial court was "unable to act" on Meserow's motion until November 22, 1995, the next available hearing date, which was outside the one-year deadline. Therefore, petitioner contends that section 22—85 required the trial court to toll the one-year period.

We disagree. First, we note that the tolling provision of section 22—85 applies when the court refuses or is otherwise unable to act

upon the *application for a tax deed*. In the present case, though, petitioner did not file a tax deed; he filed a motion to vacate the tax sale. Thus, section 22—85 is not applicable here.

Even if section 22—85 did apply here, we would not find that the trial court refused or was unable to act on petitioner's motion to vacate the tax sales such that the one-year period should be tolled. *In re Application of Rosewell*, 209 Ill. App. 3d 187 (1991), is instructive. In *Rosewell*, Rachel Wolf's assignor purchased real property at a tax sale on September 15, 1980. *Rosewell*, 209 Ill. App. 3d at 188. The redemption period expired on September 14, 1983, and Wolf had until September 14, 1984, to record her tax deed on the property. Wolf waited until August 15, 1984, before attempting to obtain a court order for the issuance of the tax deed. *Rosewell*, 209 Ill. App. 3d at 190. The trial judge was not sitting from August 20 through September 4, a period of 15 days. *Rosewell*, 209 Ill. App. 3d at 190. Although a hearing was held on September 10 and Wolf provided the trial court with the necessary documentation by September 11, the trial court did not order the clerk to issue a tax deed until September 14, three days later. *Rosewell*, 209 Ill. App. 3d at 190. The clerk issued the tax deed on September 21, seven days after the one-year deadline. *Rosewell*, 209 Ill. App. 3d at 190. The trial court later determined that the tax deed was invalid because it was not filed and recorded within one year of the expiration of the statutory redemption period.

On appeal, Wolf argued that the one-year deadline should be tolled by 25 days, because she was prevented from receiving a tax deed for such a period of time by the court's refusal or inability to act on her application. *Rosewell*, 209 Ill. App. 3d at 190. The appellate court disagreed:

"[A]lthough [section 22—85] speaks of the refusal or inability of the court to act on an application for a tax deed, and the refusal of the clerk to act on the court's order to issue a deed, it does not appear that [Wolf] has encountered such difficulty here, but was merely faced with the ordinary delays incident to the processing of cases in the circuit court. Moreover, [Wolf] fails to address why she did not even attempt to obtain a court order until the middle of August 1984, 11 months after the expiration of the statutory redemption period. Accordingly, we affirm the trial court's holding that [Wolf's] tax deed was invalid for failure to comply with the pertinent statutory requirements." *Rosewell*, 209 Ill. App. 3d at 190-91.

Similarly, in the present case, petitioner waited until October 2, 1995, which was 11 months after the redemption period, before at-

tempting to secure a court date to hear its motion to vacate the tax sale. On October 17, 1995, the trial court deleted petitioner's court dates for failing to list the case numbers in the VTS book. The trial court's action amounted to an ordinary delay of the processing of petitioner's cases. However, because petitioner waited so long before obtaining a court date and filing the motion to vacate the tax sale, petitioner was unable to secure another court date within the one-year period. Thus, it was petitioner's actions, not the trial court's, which resulted in its failure to have the tax sale declared a sale in error within one year of the expiration of the redemption period. Accordingly, we affirm the trial court's order denying petitioner's motion to toll.

Affirmed.

CAMPBELL, P.J., and BUCKLEY, J., concur.